# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ERIC T. JENKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 2:24-cv-02498-SHM-tmp |
| CENTURION HEALTHCARE SERVICES, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1, 7, 10, 11 & 12); GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE; DENYING REQUESTS FOR INJUNCTIVE RELIEF (ECF NOS. 6 & 9); DENYING MOTION FOR DEFAULT JUDGMENT (ECF NO. 8) AND DIRECTING CLERK TO MODIFY THE DOCKET**

On July 15, 2024, Plaintiff, Eric T. Jenkins, Tennessee Department of Corrections ("TDOC") prisoner number 627290, filed a *pro se* complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 3). When Jenkins filed the Complaint, he was confined at the West Tennessee State Penitentiary (the "WTSP"), in Henning, Tennessee. On July 30, 2024, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 5 (the "IFP Order").) On September 9, 2024, Jenkins filed a motion for injunctive relief. (ECF No. 6.) On September 25, 2024, Jenkins filed an amended complaint. (ECF No. 7.) On December 9, 2024, Jenkins filed a motion for default judgment (ECF No. 8) and a motion for emergency injunctive relief (ECF No. 9.) On March 12, 2025, Jenkins filed an attachment to amended complaint. (ECF

No. 10.) On March 25, 2025, Jenkins filed a second attachment to amended complaint (ECF No. 11.) On May 16, 2025, Jenkins filed a third attachment to complaint (ECF No. 12).

The Court CONSOLIDATES the Complaint (ECF No. 1), the amended complaint (ECF No. 7), the attachment (ECF No. 10), the second attachment (ECF No. 11), and the third attachment (ECF No. 12) as the "Consolidated Complaint" for the purpose of screening Jenkins' claims pursuant to the PLRA.

The Consolidated Complaint addresses Jenkins' claims about his medical treatment during his incarceration at WTSP. (ECF Nos. 1, 7, 10, 11 & 12 at PageID 5-22, 62-63, 71-75, 82-84, 88-210.) The majority of the Consolidated Complaint's claims are based on events between January 2024 and March 2025. (*See id.*) The Consolidated Complaint is liberally construed to allege claims of: (1) deprivation or denial of medical care; (2) failure to follow TDOC policy; and (3) supplemental state law claims. (ECF Nos. 1, 7 & 10 at PageID 5-22, 62-63, 71-75.) Jenkins sues: (1) Centurion Health Care Services ("Centurion"); (2) Alisa Hurdle, Centurion Nurse and Healthcare Administrator; (3) Dr. Rich, Centurion Doctor at WTSP; (4) Dr. Nguyen, Centurion Doctor at WTSP; (5) f/n/u Longmire, Centurion Nurse Practitioner; (6) April l/n/u, Centurion Nurse (collectively, the "Centurion Defendants"); (7) TDOC; (8) L. R. Thomas, TDOC Assistant Commissioner; and (9) WTSP Warden Fitz (collectively, the "TDOC Defendants"). (ECF Nos. 1 & 7 at PageID 1, 4, 62.) Jenkins sues all individual Defendants in their official capacities. (ECF Nos. 10 & 11 at PageID 73, 84.) Jenkins seeks: (1) an injunction ordering TDOC to determine and treat the cause of Jenkins' abdominal pain and heart condition; (2) punitive damages in the amount of one hundred and fifty thousand dollars ($150,000.00) for his pain and suffering; (3) damages for his physical pain in the amount one hundred and fifty thousand dollars ($150,000.00); (4) damages for his mental anguish in the amount of one hundred and fifty thousand dollars

($150,000.00); and (5) for Centurion to pay "all costs of [t]his [l]awsuit[,]" and to send Jenkins to an "outside [h]ospital for appropriate diagnosis and treatment." (ECF Nos. 1, 7 10, & 11 at PageID 6, 63, 73, 84.)

The Consolidated Complaint (ECF Nos. 1, 7, 10, 11 & 12) is before the Court. For the reasons explained below, the Court: (1) DISMISSES Plaintiff's Consolidated Complaint WITH PREJUDICE in part AND WITHOUT PREJUDICE in part for failure to state a claim to relief against Defendants; (2) GRANTS leave to amend the claims dismissed without prejudice; (3) DENIES motions for injunctive relief; (4) DENIES motion for default judgment; (5) DECLINES to exercise supplemental jurisdiction over state law claims; and (6) DIRECTS the Clerk to modify the docket.

I.  **BACKGROUND**

The Court assumes Jenkins' allegations are true for the purpose of screening the Consolidated Complaint. In January 2024, Jenkins alleges he began complaining about abdominal pain. (ECF No. 1 at PageID 5.) Jenkins alleges that the nursing staff employed by Centurion, including nurse and healthcare administrator Alisha Hurdle, "refuse to send me to an outside hospital per T.D.O.C. Policey (sic)" for diagnosis and treatment. (*Id.*) Jenkins alleges he has "been complaining of pain for months[.]" (*Id.*) Jenkins alleges Defendants have given him Tums, Fiber-Lax, omeprazole, naproxen and ibuprofen for his pain. (*Id.*) The source of Jenkins' pain is undetermined. (*Id.*) Jenkins alleges he suffers from heart "spasms" and "pangs", but "these people continue to give me the run around." (*Id.*) Jenkins alleges he "forced the staff" to take him to an outside hospital on March 30, 2024. (*Id.*) Jenkins alleges the source of his pain was not diagnosed. (*Id.*) Jenkins alleges TDOC policy requires an inmate to be sent to an outside facility to relieve his pain and suffering when the healthcare provider cannot treat the inmate "accordingly[.]" (*Id.*)

3

Jenkins alleges "these people refuse to aid me in determining the cause of this illness." (*Id.*)  Jenkins alleges he has been denied access to qualified medical personnel to treat his heart and abdomen issues. (*Id.*)  Jenkins alleges the "medical staff" at WTSP are deliberately indifferent to his serious medical need. (*Id.*)  Jenkins alleges TDOC assistant commissioner L.R. Thomas denied Jenkins' grievance. (ECF No. 7 at PageID 62.)  Jenkins alleges Drs. Rich and Nguyen have denied him "further evaluation" and have not allowed Jenkins to be taken to outside hospitals for an MRI or endoscopy. (*Id.*)  Jenkins alleges WTSP Warden Fitz has told Jenkins it is "not his problem, it's a Centurion problem." (*Id.*)  Jenkins alleges Hurdle has denied Jenkins medical treatment. (*Id.*)  Jenkins alleges that nurse practitioner Longmire gave Jenkins a "minimal evaluation[.]" (*Id.*)  Jenkins alleges that Nurse April was argumentative. (*Id.*)

Jenkins alleges he has "been forced to live with excruciating abdominal pain since February 2024." (*Id.*)  Jenkins alleges his Tennessee and U.S. Constitutional rights have been violated by Centurion's failure to provide him adequate medical care. (ECF No. 10 at PageID 71.)  Jenkins alleges Centurion's "knowing" and "deliberate" failure to provide adequate healthcare shows deliberate indifference to his serious medical needs in violation of the Eighth Amendment and the Tennessee constitution. (*Id.*)  Jenkins alleges he has been to sick call for "this issue" more than fifty times. (*Id.*)  Jenkins alleges he was given a colonoscopy that revealed hemorrhoids in his colon in August of 2024. (*Id.*)  Jenkins alleges that the hemorrhoids were not the source of his pain and that his pain continued. (*Id.*)  Jenkins alleges Centurion's Dr. Hodge saw him after the colonoscopy and told Jenkins "there was basically nothing more he would do for me[]" and that Jenkins would need to see a specialist. (*Id.* at PageID 71-72.)  Jenkins alleges he was not "put in" to see anyone else and that his pain continued. (*Id.* at PageID 72.)

4

Jenkins alleges he has a large, painful mass "at the center of my body" and that he is experiencing pain in his lower extremities. (*Id.*) Jenkins alleges that none of the medications he has been given have relieved the "source" of his pain. (*Id.*) On February 3, 2025, Jenkins alleges he was seen via telehealth by an unnamed doctor who told Jenkins his medical issues would require surgery. (*Id.*) On February 7, 2025, Jenkins alleges Hurdle lied when she told Jenkins that he had been "put in" to see a surgeon, that TDOC Nashville had approved, and that a date had been scheduled for Jenkins to see the surgeon. (*Id.*)

Jenkins alleges nurse practitioner Jaime Shoemaker told Jenkins on March 5, 2025, that he was waiting on approval to be seen by a surgeon. (*Id.*) Jenkins alleges Drs. Rich, Hodge, and Nuygen have denied Jenkins medical procedures necessary to determine Jenkins' diagnosis in violation of T.C.A. §§ 4-3-603 through 606.[1] (*Id.*) Jenkins alleges Warden Fitz has knowledge of and is responsible for WTSP inmates and has denied Jenkins appropriate healthcare. (*Id.*) Jenkins alleges Warden Fitz' conduct amounts to deliberate indifference to Jenkins' serious medical condition and violates Jenkins' constitutional rights. (*Id.*) Jenkins alleges the five inmate grievances he has filed about "this issue" have been "denied on all levels leading up to Asst. TDOC Commissioner L. R. Thomas." (*Id.* at PageID 73.)

Jenkins alleges Defendants' actions amount to deliberate indifference to his serious medical needs. (*Id.*) Jenkins alleges that he needs surgery. (*Id.*) Jenkins alleges that the Defendants' failure to follow TDOC policy has caused Jenkins to live in "continual excruciating pain" from February 2024 to the present. (*Id.*)

---

[1] *See* T.C.A. § 4-3-603 (Lexis Advance through the 2024 Regular Session); T.C.A. § 4-3-604 (Lexis Advance through the 2024 Regular Session); T.C.A. § 4-3-606 (Lexis Advance through the 2024 Regular Session); T.C.A. § 4-3-605 (Lexis Advance through the 2024 Regular Session) (last accessed July 2, 2025.)

5

## II.  SCREENING

### A.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415

F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Jenkins sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS

### A. Additional Plaintiff

In Jenkins' amended complaint, he seeks to add WTSP inmate Bobby Johnson as a plaintiff "in this lawsuit[.]" (ECF No. 7 at PageID 62.) That request is DENIED. Jenkins cannot represent other inmates. Johnson must file on his own behalf or hire counsel to do so. The Clerk is DIRECTED to remove Bobby Johnson from the docket.

### B. Claims Against The Centurion Defendants

Jenkins sues Centurion, the private corporation that provides healthcare services for WTSP. (*See* ECF No. 1 at PageID 1.) Jenkins sues Centurion employees, Hurdle, April, Longmire, and Drs. Rich, Nguyen, and Hodge in their official capacities. (*See* ECF Nos. 1, 7, 10 & 11 at PageID 4, 62, 72-73, 82-84.) The Clerk is DIRECTED to add Dr. Hodge as a Defendant. Jenkins fails to state a claim to relief against Centurion or any of its employees in their official capacities.

7

Jenkins' official capacity claims against Rich, Nguyen, Hodge, April, Longmire, and Hurdle are construed as claims against their employer – Centurion. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept. 20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5, 2021).

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit applies the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18. Centurion "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 Fed. Appx. 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against Centurion, Jenkins "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Jenkins' rights. *See id.*

Jenkins does not allege that any actions described in the Consolidated Complaint were taken pursuant to a policy or custom of Centurion that was "the moving force" behind any violation of Jenkins' constitutional rights. Jenkins does not allege that the Defendants implemented an unconstitutional policy of Centurion to deprive Jenkins of his constitutional rights. This distinction is determinative for the purpose of analyzing the insufficiency of the Consolidated Complaint's factual allegations about Centurion. *See Montgomery v. Conrad*, No. 3:21-cv-0820, 2022 WL 509111, at *1 (M.D. Tenn. Feb. 18, 2022) ("The Complaint does not allege that any policy or custom of the … County caused the violation of Plaintiff's constitutional rights; indeed,

8

he complains that his alleged harm was caused by the failure to follow [the alleged policies]. Generally, '[i]f employees aren't following the policy, then the policy itself isn't causing the injury.' *Harvey v. Dart*, No. 19-CV-2996, 2021 WL 4264312, at *6 (N.D. Ill. Sept. 20, 2021). Accordingly, the Section 1983 claims against the … [municipal entity defendant] and its employees in their official capacity cannot be allowed to proceed"); *accord Richardson v. Webb*, No. 15-2537-JDT-cgc, 2016 WL 4532378, at *1 (W.D. Tenn. Aug. 29, 2016) ("[T]he third amended complaint still fails to state a claim against [the municipal entity defendant]. While [Plaintiff] ostensibly alleges that his injury was due to a policy or custom of these Defendants, what he actually alleges is that his injuries are due to the Defendants' *failure* to follow their established policies. He does not allege that the policies themselves are unconstitutional") (emphasis in original). Jenkins does not allege that Centurion's policies are unconstitutional, much less that one of Centurion's policies or customs was the moving force behind the alleged violations of Jenkins' constitutional rights. For the reasons explained above, Jenkins' § 1983 claims against Centurion and against Rich, Nguyen, Hodge, April, Longmire, and Hurdle in their official capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

### C. Claims Against TDOC Defendants

Jenkins' claims against TDOC, are construed as claims against the State of Tennessee. The Clerk is **DIRECTED** to add the State of Tennessee as a Defendant. As explained *supra,* Jenkins' official capacity claims against Thomas and Fitz are construed as claims against their employer – TDOC. A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does not authorize suites against state entities. *See Will* 491 U.S. at 58, 65. "*Will* removes persons acting in their official capacities on behalf of the State from the

9

scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim[.]" *Gean v. Hattaway*, 330 F.3d 758, 766–67, 2003 WL 21295019 (6th Cir. 2003).

Jenkins does not state a claim to relief against TDOC, the State of Tennessee, or Thomas and Fitz in their official capacities. For the reasons explained above, Jenkins' § 1983 claims against TDOC, the State of Tennessee, and against Thomas and Fitz in their official capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

    D.    <u>**Injunctive Relief Against the State of Tennessee**</u>

To proceed on his claim for injunctive relief against the State of Tennessee, Jenkins must allege that the State was responsible for violating his constitutional rights based on a custom or policy. *Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that, to establish the required causal link between a constitutional violation and a policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Jenkins has not alleged he was injured because of an unconstitutional custom or policy of the State of Tennessee. (ECF Nos. 1, 7, 10 & 11 at PageID 5-22, 62-63, 71-75, 82-84.) Jenkins' motions for injunctive relief against the State of Tennessee are DENIED for failure to state a claim to relief. (*See* ECF 6 & 9.)

    E.    <u>**Injunctive Relief Against Centurion**</u>

The Court must consider four factors in deciding whether to issue a preliminary injunction against Centurion: "(1) whether the claimant has demonstrated a strong likelihood of success on

the merits, (2) whether the claimant will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." *Workman v. Bredesen*, 486 F.3d. 896, 905 (6th Circ. 2007). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). Jenkins has not shown the strong likelihood of success on the merits that would support issuance of a preliminary injunction. Jenkins has not alleged that a Centurion custom or policy violated his rights. (ECF Nos. 1, 7, 10 & 11 at PageID 5-22, 62-63, 71-75, 82-84.) Jenkins has not shown that his continued confinement at WTSP will result in irreparable injury or that the remaining factors of the preliminary injunction standard have been met. Jenkins has not demonstrated that circumstances clearly demand the injunctive relief he seeks.

For the reasons explained above, the motions for injunctive relief against Centurion (ECF Nos. 6 & 9) are DENIED for failure to state a claim to relief.

F.      **State Law Claims**

Jenkins alleges that Centurion and Drs. Rich, Hodge and Nuygen violated Jenkins' Tennessee constitutional rights and T.C.A. §§ 4-3-603 through 606. (ECF Nos. 10 & 11 at PageID 71-72, 82-83.) Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion in exercising supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d

11

949, 951 (6th Cir. 2010). Courts should "weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

Because the Consolidated Complaint's federal claims are being dismissed and because proceeding on Jenkins' state law claims would not be in the interest of comity or judicial economy, the Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. The Consolidated Complaint's state law claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

## IV.     **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe

12

the right of access to the courts"). The Court grants leave to amend the complaint under the conditions set forth below.

## V.    CONCLUSION

For the reasons set forth above:

    A.    The Clerk is **DIRECTED** to add the State of Tennessee and Dr. Hodge as Defendants and to remove any reference to Bobby Johnson as a Plaintiff;

    B.    The Court **DISMISSES WITH PREJUDICE** Jenkins' § 1983 claims against TDOC, the State of Tennessee, and Thomas and Fitz in their official capacities for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    C.    The Court **DISMISSES WITHOUT PREJUDICE** Jenkins' § 1983 claims against Centurion and against Hurdle, Rich, Nguyen, Hodge, Longmire and April in their official capacities for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    D.    Leave to amend claims dismissed without prejudice in the Consolidated Complaint is **GRANTED**. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Jenkins' claims. An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Jenkins or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by

number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Jenkins fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice and enter judgment;

E. The Court **DECLINES** to exercise supplemental jurisdiction over Jenkins' state law claims;

F. Jenkins' motions for injunctive relief (ECF Nos. 6 & 9) are **DENIED** for failure to state a claim for relief;

G. Jenkins' motion for default judgment (ECF No. 8) is **DENIED AS MOOT**; and

H. Jenkins is **ORDERED** to notify the Court the Court immediately, in writing, of his current address, if he is transferred or released. If Jenkins fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this *2nd* day of July, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE